**In re Amy Colleen SIMPSON, Debtor.**

**Bankruptcy No. 92–00843–5–ATS.**

United States Bankruptcy Court, E.D. North Carolina.

Nov. 4, 1992.

John T. Orcutt, Raleigh, N.C., for debtor.

Mark C. Kirby, Raleigh, N.C., for BB & T.

Richard D. Sparkman, Angier, N.C., for the Trustee.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion of Branch Banking and Trust Company to recover from the chapter 7 debtor for the debtor's post-petition use of BB & T's collateral and to recover its costs from the chapter 7 debtor's counsel pursuant to 28 U.S.C. § 1927. A hearing was held in Raleigh, North Carolina, on October 20, 1992. The motion will be denied.

Amy Colleen Simpson filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 8, 1992. On the same date she also filed her statement of intention as required by 11 U.S.C. § 521(2)(A). The statement of intention disclosed that Ms. Simpson's home in Cary, North Carolina, was encumbered by a lien in favor of BB & T and that the home would be surrendered.

The debtor's case was identified as a no-asset case and the meeting of creditors was held on August 3, 1992. The trustee examined the debtor at the meeting of creditors, determined that the estate had no interest in the home, and, on August 7, 1992, filed a report of no distribution.

BB & T attended the meeting of creditors and asked the debtor's attorney to sign a consent order lifting the automatic stay in favor of BB & T to permit BB & T to complete a foreclosure sale it had commenced prior to the debtor's bankruptcy. Counsel for the debtor refused to sign the consent order and BB & T filed a motion for relief from the stay a few days later on August 10. The motion alleged that the house was uninsured and an emergency hearing to consider the motion was held by telephone conference call the next day. Counsel for the debtor stated that the debtor did not oppose the motion and, since the trustee had already filed a report of no distribution, an order granting relief from the stay was entered on August 11, 1992.

BB & T contends that the $80,000 value of the house is less than the amount of BB & T's $86,000 lien and that the debtor should be required to pay BB & T the interest on the debt of $25 per day for her post-petition use of the property. Furthermore, BB & T maintains that debtor's counsel increased the costs to BB & T by not signing the consent order and should be responsible to BB & T for those costs pursuant to 28 U.S.C. § 1927.

■ *Chapter 7 Debtor's Obligation to Surrender Property.* 11 U.S.C. § 521(4) requires a debtor to surrender all property of the estate to the trustee. In this case, however, the trustee was not interested in taking possession of the property, and the debtor remained in possession of her home.

11 U.S.C. § 521(2)(A) requires an individual chapter 7 debtor with secured consumer debts to file a statement of intention with respect to the debtor's property within

30 days of the petition date. 11 U.S.C. § 521(2)(B) requires the debtor to perform the stated intention within 45 days of the filing of the statement required by § 521(2)(B). Mrs. Simpson complied with § 521(2)(A) by filing her statement with her petition, 30 days before the statement was due. Ms. Simpson stated her intention to surrender her home, but she had not surrendered the home prior to the filing of BB & T's motion for relief from the stay on August 10. Ms. Simpson, however, was not required to surrender her home until August 24, 45 days after the filing of the statement of intention.[1]

Ms. Simpson did not breach her obligation as a chapter 7 debtor to surrender the property to BB & T, and BB & T is not entitled to compensation for the debtor's post-petition occupancy of the premises. Accordingly, BB & T's request that the debtor pay BB & T $25 per day from the petition date to August 11 when the stay was lifted is DENIED.

■ *Counsel's liability under 28 U.S.C. § 1927.* BB & T's request that debtor's counsel be held accountable for BB & T's costs under 28 U.S.C. § 1927 in pursuing its motion for relief from the stay is also DENIED.

28 U.S.C. § 1927 provides that the court may require counsel to personally satisfy the excess costs, expenses, and reasonable attorney's fees which result from counsel's actions in "unreasonably and vexatiously" multiplying the proceedings in a case. BB & T maintains that counsel for the debtor should have signed a consent order which would have granted BB & T relief from the automatic stay. Counsel had no obligation to sign a consent order to that effect, and his refusal to sign the order is certainly not unreasonable or vexatious.

The debtor, according to § 521(2)(B), had until August 24, 1992, to surrender the property to BB & T, and, in the absence of a court order accelerating that deadline, the debtor had no obligation to turnover the premises any sooner. Debtor's coun-

sel's conduct was not improper in these circumstances.

SO ORDERED.

---

1. Forty-five days after the petition date would fall on a Saturday, and performance would be required on Monday, August 24, 1992.